## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Special Agent Maite M. Rentas, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I am assigned to the Immigration Crimes Group in San Juan, Puerto Rico. As a Special Agent with HSI, I am authorized by law to investigate crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code and to execute warrants issued under the authority of the United States. I have been employed as an HSI Special Agent since February 2025. Prior to my appointment as a HSI Special Agent, I was assigned in 2023, as a Special Agent with the United States Secret Service, San Juan Resident Office.

2. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I received training in conducting criminal investigations, methods of investigation, and criminal investigations involving computers and different access devices.

3. I completed the HSI Special Agent Training Program in FLETC Charleston, South Carolina. For approximately twelve (12) weeks I was extensively trained in academic and practical applications in financial crimes, drug trafficking, weapons, human trafficking, child exploitation, document and identity fraud, immigration and other offenses.

4. I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. As a Special Agent, I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the

United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

5. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

6. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. § 1326(a) – *Illegal Reentry of removed alien* has been committed by Agripino CASTILLO-APOLINAR ("CASTILLO-APOLINAR").

## PROBABLE CAUSE

7. On November 04, 2025, at approximately 8:30am, HSI agents conducted surveillance at a residence under construction located Dorado del Mar, Dorado Puerto Rico (herein after referred to as "PREMISES"). HSI Special Agents (SAs) received information that some individuals may be illegally present and working in the United States. At the PREMISES, HSI agents observed two vehicles described as follows: Ford Escape, red in color and a Ford Focus black in color. Records checks revealed the vehicles are registered to Dominican nationals, with addresses in Barrio Obrero San Juan, PR. HSI agents observed the presence of various individuals, working construction at the PREMISES.

8. On November 05, 2025, at approximately 8:00am, HSI agents conducted surveillance at the PREMISES and observed the same individuals that were working at the construction on November 4, 2025.

9. On November 06, 2025, at approximately 8:30am, CASTILLO-APOLINAR was encountered adjacent to the PREMISES. HSI SAs requested an identification, which CASTILLO-APOLINAR provided and performed an immigration examination. As a result, it was determined that CASTILLO-APOLINAR is a national and citizen of the Dominican Republic who has illegally reentered the United States after he was removed on August 25, 2010.

10. Subsequently, HSI SAs conducted an immigration inspection on CASTILLO-APOLINAR to determine his admissibility, and it was determined that CASTILLO-APOLINAR was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that CASTILLO-APOLINAR is inadmissible to the United States, and SAs arrested and transported CASTILLO-APOLINAR to Enforcement Removal Operations (ERO) Office in Guaynabo, Puerto Rico, for further processing.

11. Record checks indicate that on October 25, 2023, CASTILLO-APOLINAR was issued a Puerto Rico driver's learners permit. Puerto Rico Department of Transportation record shows that CASTILLO-APOLINAR identified himself as a national and citizen of the Dominican Republic ("DR").

12. Further immigration checks revealed the following:

    a. CASTILLO-APOLINAR illegally entered the Unites States on or about November 14, 1989, at or near Mayaguez, PR.

    b. On December 5, 1998, Border Patrol (BP) was contacted notifying that CASTILLO-APOLINAR was at Sabana Hoyos Correctional Institution. BP took custody of CASTILLO-APOLINAR. It was determined that CASTILLO-APOLINAR was present without

authorization to be or to remain in the United States. CASTILLO-APOLINAR was granted a voluntary departure.

c. On or about June 10, 2010, CASTILLO-APOLINAR was encountered by the Guaynabo Municipal Police Department. Guaynabo Municipal Police turned over CASTILLO-APOLINAR to Immigration Customs Enforcement (ICE), who determined that CASTILLO-APOLINAR was present without authorization in the United States. ICE then turned the subjects over to Border Patrol for processing. CASTILLO-APOLINAR was served a Warrant of Removal on August 3, 2010. CASTILLO-APOLINAR was removed from the United States on or about August 3, 2010, through Alexandria, Louisiana to the Dominican Republic.

d. CASTILLO-APOLINAR is believed to have reentered the United States illegally on or about 2021, around the area of Anasco, PR, via a yawl wooden vessel.

e. Record checks also revealed that as of November 6, 2025, CASTILLO-APOLINAR had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, CASTILLO-APOLINAR has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

## CONCLUSION

13. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that CASTILLO-APOLINAR reentered the United States after being removed resulting in violations to 8 U.S.C. § 1326 (a), Reentry of removed alien.

Sworn by telephone pursuant to the requirements of Federal Rules Procedures 4.1 on this 12th day of November 2025, at 5:47pm

Respectfully submitted,

MAITE M RENTAS RAMOS
Digitally signed by MAITE M RENTAS RAMOS
Date: 2025.11.12 16:05:35 -04'00'

Maite M. Rentas Ramos
Special Agent
Homeland Security Investigations


Hon. Mariana E. Bauza Almonte
United States Magistrate Judge
District of Puerto Rico